IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| WILLIAM E. MELENDEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>QUANTUM BUSINESS ENGINEERING, INC., et al.,<br><br>    Defendants. | CIVIL NO. 04-1242 (FAB) |

### MOTION TO AMEND PROPOSED PRETRIAL ORDER

TO THE HONORABLE COURT:

COME NOW Defendants and Quantum Business Engineering, Inc. (hereinafter collectively referred to as "Defendants" or "Quantum"), through the undersigned counsel, and very respectfully state and pray as follows:

1. The original proposed pretrial order was filed on April 1, 2005 (Docket no. 61). A year later, the Court issued an order noting the same ("[t]he Joint Proposed Pretrial Order filed by the parties . . . is NOTED" – Order, Docket No. 146).[1] Since the filing of the joint proposed pretrial order, the plaintiff has filed amendments

---

[1] Although Plaintiff's amendments to the joint proposed pretrial order have been titled "motions" the Court has in response merely "noted" them.

1

to the same on at least three separate occasions (*see, e.g.*, Docket Nos. 62, 63, 77).[2]

2.  Today, the Defendants submit this, their first motion to amend the proposed pretrial order, in order to correct a few important issues, witnesses and evidence which, due to among other reasons, including clerical mistake, were (unintentionally) omitted from the original filed document.

3.  ***First***, we must include a witness that due to clerical error was not mentioned in the Defendants' part of the joint proposed pretrial order: namely, Félix Ramírez. This was the result of mere clerical error insofar as Mr. Ramírez is a named defendant-party in this case (and not a third-party witness), and he has a constitutional right to testify on his behalf to defend himself from plaintiff's unfounded allegations in this case.

4.  ***Second***, Plaintiff's "U.P.R. Transcript" for his law school education, which was produced as part of a supplemental disclosure under Fed. R. Civ. P. 26(e) by Defendants, which is relevant for, among other reasons, calling into question the plaintiff's credibility. Also, when Plaintiff submitted his application for employment with Quantum, the resume he submitted contained key

---

[2] See Order, docket no. 146: "Plaintiff's Third Motion to Amend Joint Proposed Pretrial Order . . . is NOTED."

information that was different in relevant and material ways and, omission of other job information, that were cause to dismiss him for submitting misleading information to the Company, per the after-acquired evidence rule. See McKennon v. Nashville Banner Publishing, 513 U.S. 352, 115 S.Ct. 879 (1995).[3]  Evidence of this kind may affect the calculation and assessment of monetary remedies against the Defendants, if liability ensues at any point. Id.  In this sense, Defendants wish to further clarify the applicability of McKennon in the instant claim, a defense that was raised from the outset of this case in the Answer to Complaint. (See Docket No. 7, Page 9, ¶5).

5.   ***Third***, we wish to introduce the Plaintiff's pleadings in an extremely similar case to this one filed

---

[3] In McKennon, the Supreme Court held that when an employer discovers evidence during litigation, that information cannot be used necessarily to deny relief under ADEA. Thus, the Supreme Court held that such evidence was *not* relevant to the employer's liability for age discrimination. However, the Court did find that the evidence would be relevant in determining what remedy was appropriate. *See id.* at 358-60, 115 S.Ct. at 885. If the evidence would have led to the employee's discharge at some later date, that would affect the measure of damages and the appropriateness of reinstatement as equitable relief. *See id.* at 358-63. Accordingly, the Court held that both front and back pay, as legal and equitable remedies under ADEA may indeed be cut off by the Court at the time that the defendant discovers evidence that would have led it to fire the plaintiff on legitimate grounds. Id. 361-62. That result follows from the simple guiding principle that the employee should be restored to the position he or she would have been in absent the discrimination: the employee would have been fired regardless of the discrimination as a result of the misconduct at the defendant's place of employment. *See id.* at 362, 115 S.Ct. 879. *See also*, Nieves-Villanueva v. Soto-Rivera, 133 F.3d 92, 101 (1st Cir. 1997)("such after-acquired evidence is normally admissible only as to remedy, and not on liability").

after this case began, *Melendez v. SAP Andina & Del Caribe*, C.A., Civil No. 05-1778 (ADC), as evidence of a pattern of frivolous law suit filing that undermines we believe Plaintiff's credibility.  We learned of this case after this action was filed and from the docket and pleadings in that case show evidence that plaintiff has acquired the custom of filing suits for alleged "national origin discrimination" against other entities he has worked for. That seriously undermines the credibility of his motives and the truthfulness of his allegations in this case. More importantly, there is information contained in such pleadings regarding Plaintiff's work activities that are relevant to any award of damages in this case, and there may even be evidence or admissions that show conduct that would have led to his ultimate dismissal, notwithstanding any alleged discrimination finding by the Court, per the after-acquired evidence rule of McKennon, evidence that goes to the issue of damages and possibly may limit his recovery.

6.   *Fourth*, for the same reasons, we intend to use the transcript of the deposition of Mr. Melendez taken in that case (Civil No. 05-1778 (ADC)) as part of our trial evidence against Mr. Meléndez in this case, including admissions contained in that deposition that could

4

contradict his allegations in this case and seriously call into question his credibility. More importantly, the deposition transcript contains admissions that we believe fall under the definition of after-acquired evidence, per the McKennon case, and are thus relevant to any determination on damages in this case. For instance, plaintiff makes several admissions in that deposition regarding his job opportunities, ventures, and history, which may contradict his allegations in this case, and presumably his testimony at trial, and is relevant insofar it may undermine his credibility. Again, we believe that this evidence is clearly admissible per the after-acquired evidence rule recognized in McKennon, *supra*.

**WHEREFORE**, in light of the above, we respectfully request that the Court take **notice** of the above.

**RESPECTFULLY SUBMITTED.**

**I HEREBY CERTIFY** that today I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which, on information and belief, shall automatically notify counsel for all parties in this case at their e-mail addresses, as CM/ECF system participants, and which, pursuant to Local Civil Rule 5.1(b)(2), constitutes the equivalent of service.

In San Juan, Puerto Rico, this 24th day of April 2007.

5

| **s/Alcides A. Reyes-Gilestra** | **s/Kevin M. Acevedo-Carlson** |
|---|---|
| Alcides A. Reyes-Gilestra<br>USDC-PR No. 211213<br>PO Box 195036<br>San Juan, PR 00919-5036<br>Tel. (787)706-1444<br>Fax. (787)704-1450<br>e-mail: areyes@arglaw.net | **KEVIN M. ACEVEDO-CARLSON**<br>USDC No. 218609<br>P.O. BOX 193251<br>San Juan, PR 00919-3251<br>Tel. (787) 615-5074<br>Fax. (787) 751-1645<br>e-mail: kacevedo@alf-ac.com |